IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| BRAXTON LEE TROGDAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:23CV366 |
| | ) | |
| SARGENT JOHN DOE, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a pro se Complaint [Doc. #2] under 42 U.S.C. § 1983 and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). The Complaint seeks damages from three correctional officers, "Sargent [sic] John Doe AKA Sgt Sims" (hereinafter "Defendant Sims"), Sergeant Buthay, and Lieutenant T. Vigus, as Defendants (Docket Entry 2, § I.(B)) based on an alleged use of excessive force and improper medical treatment. The Complaint and request for *in forma pauperis* status are now before the Court for review.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Applicable here a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

For the reasons that follow, part of the Complaint should go forward but the rest of it should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it currently fails to state a claim on which relief may be granted.

[1]Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

The Complaint alleges that Defendant Sims threatened Plaintiff, who responded by putting his hands up in a "surrender position" and asking to go to segregation. (Docket Entry 2, § IV(B).) Defendant Sims then allegedly told Plaintiff to go to a holding cell instead. (Id.) Plaintiff began to comply before allegedly being called back by Defendant Sims who punched him in the mouth when he turned around. (Id.) Based on these allegations, the undersigned concludes that Plaintiff states a claim against Defendant Sims for alleged the use of excessive force, cruel and unusual punishment, and assault and battery to the extent Plaintiff seeks to raise such a claim. (See id. § II(B).) The Complaint should go forward as to Defendant Sims as to these claims. The Complaint also lists deliberate indifference, a Fourteenth Amendment/due process claim, and failure to follow North Carolina prison policies and procedures. (Id.) However, the basis for the deliberate indifference claim as to Defendant Sims is not clear, the Complaint contains no basis for a 14th Amendment due process claim, and violations of state policies do not support a cause of action under § 1983 which allows claims for violations of federal law. Therefore, the Complaint does not state these types of claims as to Defendant Sims.

Regarding Defendant Buthay, the Complaint alleges only that he "stood by and watched and did not stop [the assault]." (Id. § IV(B).) A defendant "may be liable under § 1983, on a theory of bystander liability, if he: (1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." Randall v. Prince George's County, Md., 302 F.3d 188, 204 (4th Cir. 2002). Here, the Complaint alleges only a single punch to Plaintiff's face with no prior

physical contact between Plaintiff and Defendant Sims. It includes absolutely no facts establishing that Defendant Buthay knew that Defendant Sims would act as he did or that he had any opportunity whatsoever to intervene. Therefore, it states no claim for relief as to Defendant Buthay.

The Complaint also names Defendant Vigus as a Defendant. It alleges in one instance that Defendant Vigus came to the scene sometime after Defendant Sims punched Plaintiff and that Plaintiff "informed him of the dire need to be removed from the situation" but that Defendant Vigus "knowingly ignored the threat on [Plaintiff's] life. (Id. § IV(B).) The allegation in the Complaint. that Defendant Sims struck Plaintiff with a single punch in no way demonstrates a threat to Plaintiff's life or any ongoing threat that would create a need for Plaintiff to be removed. In fact, it is not even clear from the Complaint what Plaintiff means by "removed." Whatever the term means, the Complaint alleges no facts indicating an ongoing threat to Plaintiff at the time Defendant Vigus arrived. Therefore, it states no claim based on this allegation.

The Complaint also alleges that Plaintiff informed "LT" of "the situation," but that he didn't report the use of force or give Plaintiff a medical screening. Assuming that "LT" is Lieutenant Vigus, prison policy may require uses of force to be reported in some fashion but this is not a requirement of the United States Constitution or federal statutes. Again, Plaintiff cannot base any claim under § 1983 on any breach of prison policy.

As for any lack of medical treatment, deliberate indifference to a serious medical need can state a claim under § 1983. Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). However,

"[d]eliberate indifference is a very high standard—a showing of mere negligence will not meet it." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir.1999). The Complaint contains no facts indicating that Plaintiff ever informed Defendant Vigus of any need for a medical screening or that the need for such a screening would have been readily apparent at the time Plaintiff spoke with Defendant Vigus. Therefore, the Complaint fails to state a claim as to Defendant Vigus. The Court should dismiss all claims except Plaintiff's claims against Defendant Sims for excessive force, cruel and unusual punishment, and assault and battery.

As for Plaintiff's request to proceed *in forma pauperis*, § 1915(b)(1) requires that he make an initial payment if he possesses funds for such a payment. However, it appears that he does not. Therefore, the Court will not order any initial payment, but will instead order that periodic payments be deducted from Plaintiff's trust account as funds become available.

IT IS THEREFORE RECOMMENDED that Plaintiff's claims against Defendant Sims for excessive force, cruel and unusual punishment, and assault and battery be allowed to proceed but that the remainder of the claims be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted.

IT IS ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of July of 2023, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

IT IS FURTHER ORDERED that all payments deducted in relation to this case shall be designated as made in payment of the filing fee for Civil Action No. 1:23CV366, and shall be paid to the Clerk, U.S. District Court for the Middle District of North Carolina. In the event Plaintiff is transferred to another institution, the balance due shall be collected and paid to the Clerk by the custodian at Plaintiff's next institution. A copy of this Order shall be sent to Plaintiff's current custodian.

IT IS FURTHER ORDERED that the Clerk shall prepare and file a request for waiver of service for Defendant Sims and proceed under the process for service set out in Standing Order 19 of this Court as to Defendant Sims.

This, the 30th day of May, 2023

/s/ L. Patrick Auld

**L. Patrick Auld**
**United States Magistrate Judge**